IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:10cv24-HSO |
| | § | 1:08cr91-HSO-RHW-5 |
| DERRELL McDOUGAL | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DERRELL
MCDOUGAL'S MOTION AND AMENDED MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

**BEFORE THE COURT** are the Motion [111] and Amended Motion [123] of Defendant Derrell McDougal ["McDougal"] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. The Government has filed a Response [126]. After due consideration of the issues presented, the record, and the relevant law, the Court is of the opinion that both Motions [111], [123], should be denied.

I. PROCEDURAL HISTORY

McDougal was charged in two of four counts contained in an Indictment [19]. Specifically, Count 1 alleged that in or about November 2006, and continuing through the date of the Indictment, McDougal and four other Defendants knowingly and willfully conspired and agreed with each other and with others known and unknown to the Grand Jury to knowingly and intentionally possess with intent to distribute more than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I(c) non-narcotic drug controlled substance, as prohibited by 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Count 4 charged that on or about July 2, 2008, McDougal and another Defendant, aided and

abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute more than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I(c) non-narcotic drug controlled substance, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  *See* Indictment [19], at pp. 1-3.  The Indictment included a Notice of Forfeiture, pursuant to 21 U.S.C. § 853(p).  *See id.* at pp. 3-4.

McDougal pled guilty to Count 1 of the Indictment on October 27, 2008.  The Presentence Investigation Report ["PSR"] included both 156.4 kilograms of marijuana and 10 kilograms of cocaine hydrochloride as relevant conduct.  Based on the Drug Equivalency Table, the 10 kilograms of cocaine hydrochloride were converted to 2,000 kilograms of marijuana, making McDougal responsible for a total of 2,156.4 kilograms of marijuana.  This resulted in a base offense level of 32 pursuant to U.S.S.G. § 2D1.1.  McDougal's base offense level was increased by two levels for his role in the offense, pursuant to U.S.S.G. § 3B1.1(c), and by another two levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, resulting in a total offense level 36, with a criminal history category of V.

Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 36 and a criminal history category of V, McDougal's guideline imprisonment range was 292 to 365 months on Count 1.  However, his guideline sentence was capped by the 20 year statutory maximum contained at 21 U.S.C. § 841(b)(1)(C).  Under U.S.S.G. § 5G1.1(a), because the statutorily authorized maximum sentence was less than the minimum sentence under the applicable guideline range, the statutorily authorized

maximum sentence of 240 months became the guideline sentence.

Prior to McDougal's sentencing, his counsel filed an Objection [88] to the PSR. It contested, among other things, the inclusion of the 10 kilograms of cocaine in calculating the base offense level. *See* Obj. [88], at ¶ 4. McDougal's counsel maintained that the appropriate base offense level should be 26, based only on the 156.4 kilograms of marijuana, which would place McDougal in the 100 kilogram to 400 kilogram range for marijuana under the drug quantity tables. *See id.* at ¶ 2.

At sentencing, the Court determined that the 10 kilograms of cocaine was part of the conspiracy to which McDougal pled guilty. The Court overruled McDougal's objection, and included the cocaine in making its guideline calculations. The Court sentenced McDougal to 240 months incarceration on Count 1, followed by 3 years of supervised release, a $3,000.00 fine, and a $100.00 special assessment. Count 4 was dismissed on a Motion by the Government. The Court entered Judgment [95] to this effect on January 21, 2009. McDougal timely filed his original Motion [111] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, on January 15, 2010. He filed his Amended Motion [123] on May 27, 2010.

McDougal seeks to withdraw his guilty plea. *See* Mot. [111], at p. 10. As grounds for the relief sought, McDougal claims that he received ineffective assistance of counsel, and thus unknowingly and unintelligently entered his guilty plea. Am. Mot. [123], at p. 4. As part of his guilty plea, McDougal entered into a Plea Agreement with the Government [the "Plea Agreement"], in which he

specifically waived his right to seek post-conviction relief in this case, including a Motion brought under 28 U.S.C. § 2255.  *See* Plea Agreement, at ¶ 12.  In its Response, the Government seeks to enforce this waiver provision in the Plea Agreement.  *See* Govt.'s Resp., at p. 2.

## II.  DISCUSSION

A.  <u>Alleged Ineffective Assistance of Counsel</u>

McDougal alleges that the ineffective assistance of his counsel rendered his guilty plea "involuntary and unintelligent."  *See* Am. Mot. [123], at p. 4.  His ineffective assistance claim relates to the Court's inclusion of the 10 kilograms of cocaine as relevant conduct in calculating his base offense level under the sentencing guidelines.  He does not contest the inclusion of the 156.4 kilograms of marijuana.  *See id.*  McDougal asserts that his attorney

> was ineffective by leading [him] to enter into an unknowingly and unintellegently [sic] guilty plea. [His attorney] informed [him] that the prosecutor was intending on superceding an indictment involving 10 kilograms of cocaine to accompany the charge [he] was currently facing which was conspiracy to possess 50 or more kilograms of marijuana with the intent to distribute. [His attorney] assured [him] that [he] would not be held accountable for "any" cocaine unless [he] was indicted for it. With this information, [he] plead [sic] guilty to count one of the indictment which was exactly 156.4 kilograms of marijuana. At sentencing [he] was held accountable for 2,000 additional kilograms of marijuana which was converted from 10 kilograms of cocaine that was attributed to [him] in [his] P.S.I. report. [He] objected to this because [he] was never charged nor indicted for any cocaine. Had [he] known cocaine would double [his] sentence, [he] would have went to trial.

Am. Mot., at ¶ 12(a).

Although a guilty plea generally waives all non-jurisdictional defects, including an ineffective assistance claim, McDougal may raise an ineffective

assistance claim to the extent that it affected the voluntariness of his plea. *See United States v. Cavitt,* 550 F.3d 430, 441 (5th Cir. 2008).

> Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quotation omitted).

The United States Supreme Court has held that the two-part standard applied in *Strickland v. Washington*, 466 U.S. 668 (1984), is applicable to ineffective assistance claims arising out of the plea process. *Hill*, 474 U.S. at 57-58. A defendant must therefore show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 57 (*quoting Strickland*, 466 U.S. at 687-88, 694).

In this case, the Court finds it unnecessary to address the first prong of this inquiry and resolve whether counsel's representation fell below an objective standard of reasonableness, because the Court concludes that McDougal's allegations are insufficient to satisfy the second prong of the *Strickland* and *Hill* analysis, the requirement of "prejudice." McDougal argues that, "[h]ad he known cocaine would double [his] sentence, [he] would have went to trial." McDougal does not suggest, however, that he is innocent of the charge to which he pled guilty, or that he would have been acquitted on this charge. Rather, he implies that his sentence might somehow have been lessened if he had proceeded to trial and been convicted. This argument is unavailing.

In order to satisfy the "prejudice" element, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *United States v. Smith,* 844 F.2d 203, 209 (5th Cir. 1988). The idiosyncrasies of the particular decision maker are disregarded. *Hill*, 474 U.S. at 60 (*quoting Strickland*, 466 U.S. at 695). McDougal's conclusory statement that he would have gone to trial if advised of the possible inclusion of the cocaine in calculating the guidelines range is not sufficient to obtain the relief he seeks. McDougal "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Ky.*, - - U.S. - - -,130 S. Ct. 1473, 1485 (2010) (*citing Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)).

"In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Hill*, 474 U.S. at 59. In conducting this prejudice inquiry, the Fifth Circuit has explained that a court must consider whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair. *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (*citing Lockhart v. Fretwell*, 506 U.S. 364 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* (*quoting Fretwell*, 506 U.S. at - - - , 113 S. Ct. at 844).

McDougal has presented no defense to the charge contained in Count 1, nor has he alleged or demonstrated how a sentence he would have received following a conviction at trial on Count 1 would have been any less than it was following his plea. The Court is not persuaded that McDougal would have been acquitted on Count 1 of the indictment or, if convicted, that he would have received a shorter sentence. After conviction by either a jury verdict or a plea, the drug quantity calculations under the sentencing guidelines would have remained the same. Thus, there was no "prejudice" to McDougal under *Strickland*. *See Hill*, 474 U.S. at 60 (finding no "prejudice" under *Strickland*, and explaining that "petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted."); *see also Padilla,* 130 S. Ct. at 1485 & n.12 (recognizing that "[s]urmounting *Strickland*'s high bar is never an easy task," and noting that "it is often quite difficult for petitioners who have acknowledged their guilt to satisfy *Strickland*'s prejudice prong").

Moreover, had McDougal gone to trial, he would have faced the potential of an additional conviction on Count 4 of the Indictment, which could have increased the length of his sentence. Had McDougal been convicted at trial on both counts against him, the Court could conceivably have imposed consecutive sentences to the extent necessary to achieve appropriate punishment. *See* App. Note 1 to U.S.S.G. §

5G1.2. In sum, the record does not support the conclusion that a decision to reject the Plea Agreement would have been rational under the circumstances McDougal faced. *See Padilla*, 130 S. Ct. at 1485.

As for the alleged promise by his attorney that he would "not be held accountable for 'any' cocaine unless [he] was indicted for it," Am. Mot., at ¶ 12(a), the Plea Agreement specifically advised McDougal that the Court had the authority to sentence him up to the maximum penalty provided by statute, and McDougal "acknowledged that he [wa]s not relying upon anyone's calculation of a particular Guideline range." Plea Agr. ¶ 6. During his change of plea hearing, McDougal also acknowledged under oath that the sentence imposed by the Court might be different from any estimate given to him by his attorney, and that the Court, in its discretion, could sentence him up to the maximum prison sentence provided by statute, which the Court advised him could be a term of imprisonment of not more than 20 years.

Finally, McDougal acknowledged in his Plea Agreement, and orally under oath at the change of plea hearing, that the Court would resolve any factual issues regarding his sentencing under a preponderance of the evidence standard, and that it could consider any relevant evidence, without regard to its admissibility under the rules of evidence applicable at trial. *See* Plea Agreement, at ¶ 12; *see also* Fed. R. Evid. 1101(d)(3) (Federal Rules of Evidence, other than with respect to privileges, do not apply in sentencing). At the sentencing hearing, after receiving extensive testimony and evidence, the Court considered McDougal's objection regarding

inclusion of the 10 kilograms of cocaine in the guideline calculations, and determined, by a preponderance of the evidence, that this was part of the conspiracy to which McDougal pled guilty.

Because McDougal has failed to demonstrate the kind of "prejudice" necessary to satisfy the second half of the *Strickland* test, McDougal's ineffective assistance of counsel claim fails. The Court further finds that the alleged ineffectiveness of counsel did not deprive McDougal of any substantive or procedural right to which the law entitles him, such that any unreliability or unfairness resulted. The Court concludes that McDougal has not shown an entitlement to relief under § 2255 on this claim.

B.  Length of Sentence

Though not specifically raised in his Amended Motion, the Court, out of an abundance of caution, will consider any objection McDougal asserted in his original Motion regarding the length of the sentence the Court imposed. To the extent that McDougal alleges in his original Motion that the Court "was unfair in sentencing McDougal for drugs not charged, nor admitted to," Mot. [111], at p. 6, the Court concludes that this claim provides no basis for § 2255 relief.

First, it is routinely recognized that the technical application of the guidelines does not give rise to a constitutional issue cognizable under § 2255. *See United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994). Even if this issue could be considered on collateral review, the record reveals that McDougal's guilty plea was knowing and voluntary, as discussed earlier. In his Plea Agreement, McDougal

waived his right to appeal the conviction and sentence imposed, or the manner in which the sentence was imposed, on the grounds set forth in 18 U.S.C. § 3742, or on any ground whatsoever.  *See* Plea Agreement, at ¶ 12.  McDougal further waived his right to contest the conviction and sentence, or the manner in which the sentence was imposed, in any post-conviction proceeding, including but not limited to a § 2255 motion.  *See id.*  McDougal can point to no evidence in the record that his explicit waiver in the written Plea Agreement, which was signed by McDougal and his counsel, was not informed and voluntary.  McDougal's § 2255 Motion is therefore also foreclosed by this specific waiver.  *See United States v. Hoctel*, 154 F.3d 506, 508 (5th Cir. 1998) (*citing United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)).

      Finally, even if the Court considered McDougal's argument on its merits, the Court is of the opinion that McDougal is not entitled to § 2255 relief.  As discussed above, the Court determined that the 10 kilograms of cocaine was part of the conspiracy to which McDougal pled guilty.  The cocaine and marijuana were substantially connected.  *See United States v. Ortiz,* 613 F.3d 550, 557 (5th Cir. 2010) (stating that relevant conduct is defined as "all acts and omissions" that were either (1) part of a "common scheme or plan" or (2) part of the "same course of conduct" as the offense of conviction) (*quoting* U.S.S.G. § 1B1.3(a)(2)).  They were part of the same ongoing series of offenses, with common accomplices, common purposes, and similar *modus operandi.  See id.* ("An unadjudicated offense may be part of a 'common scheme or plan' if it is 'substantially connected to [the offense of

conviction] by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*.'") (*quoting United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009)).

    The Court therefore properly overruled McDougal's objection to the PSR's inclusion of the cocaine. *See id.*; *United States v. Rangel*, 149 F. App'x 254, 2005 WL 2285213 (5th Cir. 2005) (holding district court did not err by including amount of cocaine as relevant conduct to possession with intent to distribute 771 grams of marijuana charge, when cocaine charge had been dismissed after plea, because district court determined that defendant's possession of cocaine and marijuana were part of a "common scheme or plan"); *see also United States v. Wittie*, 25 F.3d 250, 253 (5th Cir. 1994) (noting that district court included cocaine in relevant conduct, over both the defendant's and the Government's objections, to determine defendant's base offense level for sentencing after plea to substantive count of aiding and abetting possession with intent to distribute marijuana); *United States v. McIlwain*, 32 F. App'x 128, 2002 WL 334925, *1 (5th Cir. 2002) (affirming district court's inclusion of cocaine as well as marijuana in defendant's base offense level, on charge of possession with intent to distribute less than 100 kilograms of marijuana). In short, to the extent McDougal contests the inclusion of the cocaine in the guideline calculations, his § 2255 claim fails.

### III. CONCLUSION

    The record demonstrates that McDougal's plea was knowing and voluntary. For the reasons stated herein, the Court finds that McDougal's Motion [111] and

Amended Motion [123] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [111] and Amended Motion [123] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Defendant Derrell McDougal pursuant to 28 U.S.C. § 2255, should be and hereby are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 4th day of November, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE