IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | Criminal No. 1:08cr91-HSO-RHW-5 |
| DERRELL MCDOUGAL | § | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT DERRELL MCDOUGAL'S MOTION [186] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Derrell McDougal's Motion [186] for Compassionate Release. For the reasons that follow, the Motion should be denied without prejudice for failure to exhaust administrative remedies.

I. BACKGROUND

Pursuant to a Plea Agreement [80] with the Government, on October 27, 2008, Defendant Derrell McDougal ("Defendant" or "McDougal") pleaded guilty to Count 1 of the Indictment in this case, which charged that McDougal and his co-Defendants,

> did knowingly and willfully conspire and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute more than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I(c) non-narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.
>
> All in violation of Section 846, Title 21, United States Code.

Indictment [19] at 1.

On January 16, 2019, the Court sentenced McDougal to a 240-month term of imprisonment as to Count 1, followed by three years of supervised release. *See* Jan. 16, 2019, Min. Entry; J. [95] at 2-3. On February 17, 2016, the Court entered an Order [172] reducing McDougal's sentence to 235 months under 18 U.S.C. § 3582(c)(2). *See* Order [172] at 1. McDougal is presently incarcerated at Federal Correctional Institution ("FCI") Beaumont in Beaumont, Texas. *See* Envelope [186-1] at 1.

On November 23, 2020, McDougal filed a pro se Motion [186] for Compassionate Release. McDougal states that he has served over 12 years of his term of incarceration and seeks compassionate release due to the COVID-19 pandemic. *See* Mot. [186] at 1-2. According to McDougal, he suffers from "extremely high blood pressure," takes three different medications daily, and is considered "high risk in regards to the COVID-19 virus." *Id.* at 2.

The Government opposes McDougal's Motion, arguing that it should be denied without prejudice because McDougal has failed to exhaust administrative remedies. *See* Resp. [191] at 7-14. In the event the Court reaches the merits of McDougal's Motion, the Government takes the position that it should be denied because McDougal has not demonstrated any extraordinary and compelling reasons warranting a sentence reduction, because he poses a significant danger to the safety of the community, and because the factors set forth at 18 U.S.C. § 3553(a) weigh against his release. *See id.* at 14-18.

II. DISCUSSION

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). While the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory. *Id.*

3

McDougal represents that he asked the Warden in July 2020 "through Corrlinks, staff messaging e-mail, to file a motion to the courts on [his] behalf" and received no response. Mot. [186] at 2. However, McDougal has not presented any evidence that he submitted a request for compassionate release to the Warden of his facility before filing the present Motion [186], or that he has fully exhausted his administrative remedies with the Bureau of Prisons prior to filing the Motion. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also* Dec. 2, 2020, Text Order (stating that "[p]ursuant to 18 U.S.C. § 3582(c)(1)(A), all Defendants seeking compassionate release are required to file affidavits and/or documentary evidence demonstrating that they have exhausted all available remedies with the Bureau of Prisons prior to seeking compassionate release," and warning that "[f]ailure to properly support a Motion for Compassionate Release may result in denial of all relief requested in the Motion").

McDougal has not presented any evidence to show that he exhausted his administrative remedies under the statute, and the Government seeks denial of McDougal's Motion for failure to exhaust. McDougal's Motion [186] for Compassionate Release is not well taken and should be denied without prejudice for failure to exhaust administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *Franco*, 973 F.3d at 467.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Derrell McDougal's Motion [186] for Compassionate Release is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 12th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE